# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI LIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RICHARD VALINKEN, et al.,<br><br>　　　　Respondents. | Case No. 1:19-cv-01806-EPG-HC<br><br>ORDER DENYING RESPONDENT'S REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE TO PETITION<br><br>(ECF No. 12) |

Petitioner Wei Lin is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges violations of his right to due process in connection with his expedited removal proceedings and credible fear determination. (ECF No. 1). Petitioner also moves for a stay of removal. (ECF No. 4). The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 11, 13).

The Court conducted a preliminary review of the petition and determined that it was not clear from the face of the petition whether Petitioner is entitled to relief. On January 8, 2020, the Court ordered Respondent to file a response to both the petition and Petitioner's motion for stay of removal within sixty days. (ECF No. 10).

On February 28, 2020, Respondent filed a status report, informing the Court that although Petitioner was scheduled for removal in early February 2020, the Department of Homeland Security ("DHS") has temporarily suspended all removals to China due to the coronavirus

1

outbreak. (ECF No. 12 at 1). DHS indicates that Petitioner's removal will be rescheduled as soon as the temporary suspension has been lifted. Accordingly, Respondent requests a ninety-day extension of time to file its answer to the petition because the "habeas petition challenging petitioner's immigration detention will become moot once the removal order is executed." (ECF No. 12 at 2).

Given that the petition raises due process challenges to Petitioner's expedited removal proceedings and Petitioner has moved for a stay of removal, Respondent's request for an extension of time so that the removal order can be executed is looked upon with disfavor.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for a ninety-day extension of time to file a response to the petition is DENIED;
2. Respondent SHALL FILE a response to Petitioner's motion for stay of removal on or before March 9, 2020;[1]
3. Within **THIRTY (30) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Petition. See Rule 4, Rules Governing Section 2254 Cases;[2] Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:
    A. AN ANSWER addressing the merits of the Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.
    B. A MOTION TO DISMISS the Petition.
4. Within **THIRTY (30) days** after service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in

---

[1] In light of Petitioner's scheduled removal for early February 2020 that has been temporarily suspended, the Court will not entertain any motion for extension of time to respond to the motion for stay of removal absent extraordinary circumstances.

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

the Petition. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

5. If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date of service of Respondent's Answer. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

6. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days** after the service of the Motion or when the Reply is filed, whichever comes first. See Local Rule 230(l).

IT IS SO ORDERED.

Dated: **March 3, 2020**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE