# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI LIN, | Case No. 1:19-cv-01806-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY OF REMOVAL WITHOUT PREJUDICE |
| v. | |
| RICHARD VALINKEN, et al., | (ECF No. 4) |
| Respondents. | |

Petitioner Wei Lin is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges violations of his right to due process in connection with his expedited removal proceedings and credible fear determination. (ECF No. 1). , Petitioner also moves for stay of removal. (ECF No. 4). The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 11, 13).

On January 8, 2020, the Court ordered Respondent to file a response to both the petition and Petitioner's motion for stay of removal within sixty days. (ECF No. 10). On February 28, 2020, Respondent filed a status report, informing the Court that although Petitioner was scheduled for removal in early February 2020, the Department of Homeland Security ("DHS") has temporarily suspended all removals to China due to the coronavirus outbreak. (ECF No. 12 at 1). DHS indicates that Petitioner's removal will be rescheduled as soon as the temporary suspension has been lifted. Respondent requested a ninety-day extension of time to file its

answer to the petition because the "habeas petition challenging petitioner's immigration detention will become moot once the removal order is executed." (ECF No. 12 at 2).[1]

The Court denied Respondent's request for a ninety-day extension of time. The Court ordered that Respondent file a response to Petitioner's motion for stay or removal on or before March 9, 2020. (ECF No. 14). To date, Respondent has failed to file a response to the motion, and the time for doing so has passed.

In evaluating whether to issue a stay, a court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "The first two factors . . . are the most critical." Nken, 556 U.S. at 434. Further, "if the petitioner has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." Leiva-Perez, 640 F.3d at 965 (citing Nken, 556 U.S. at 434).

> [A] petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor. As has long been the case, "[t]hese standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified." *Abbassi*, 143 F.3d at 514.

Leiva-Perez, 640 F.3d at 970.

**A. Likelihood of Success on the Merits**

"There is some uncertainty as to the exact degree of likely success that stay petitioners must show, due principally to the fact that courts routinely use different formulations to describe this element of the stay test." Leiva-Perez, 640 F.3d at 966. "What is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." Id.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect," as *Hollingsworth,* 130 S.Ct. at 710, suggests; "a substantial case on the merits," in *Hilton*'s words, 481 U.S. at 778, 107 S.Ct. 2113; or, as articulated in *Abbassi*, 143 F.3d at 514, that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

Leiva-Perez, 640 F.3d at 967–68 (footnote omitted).

In his petition, Petitioner alleges violations of his right to due process in connection with his expedited removal proceedings and credible fear determination. The Ninth Circuit recently held that the Suspension Clause requires habeas review of claims that the government "failed to follow the required procedures and apply the correct legal standards when evaluating [a petitioner's] credible fear claim" in an expedited removal proceeding. Thuraissigiam v. U.S. Dep't of Homeland Sec., 917 F.3d 1097, 1116–17 (9th Cir. 2019). The Supreme Court granted *certiorari*, and oral argument was held on March 2, 2020. Dep't of Homeland Sec. v. Thuraissigiam, 140 S. Ct. 427, 205 L. Ed. 2d 244 (2019). Given that the instant petition implicates law that is evolving,[2] the Court finds that "serious legal questions are raised."

**B. Irreparable Harm**

"[T]o obtain a stay of removal, an alien must demonstrate that irreparable harm is probable if the stay is not granted." Leiva-Perez, 640 F.3d at 968. "Although removal is a serious burden for many aliens, it is not categorically irreparable." Nken, 556 U.S. at 435. "Instead, a noncitizen must show that there is a reason specific to his or her case, as opposed to a reason that would apply equally well to all aliens and all cases, that removal would inflict irreparable harm." Leiva-Perez, 640 F.3d at 969. A nonexhaustive list of irreparable harm factors to consider include: whether removal would effectively prevent a noncitizen from pursuing a petition for review, physical danger to the noncitizen if removed to his home country, separation from family members, medical needs, and potential economic hardship. Leiva-Perez, 640 F.3d at 969–70.

---

[2] In Thuraissigiam, the Ninth Circuit did not "decide in this opinion what right or rights [the petitioner] may vindicate via use of the writ." 917 F.3d at 1119.

1   Here, Petitioner states that he will suffer irreparable harm because "he cannot argue on
his own if he is removed to China without any resources and/or access to the courts." (ECF No. 4
at 3). Petitioner's statement is conclusory, and he does not provide sufficient factual allegations
to establish that he will be unable to effectuate the filing of papers from abroad either through the
mail or by electronic means.

Petitioner also asserts that he "is afraid to go back to China because of the fear of being
tortured, put in prison by the government due to implicating a former senator in the Northern
Marianas . . . as the leader of a prostitution ring" and due to filing a motion to disqualify the
Chief Judge of the District Court for the Northern Mariana Islands because the former senator is
the judge's brother. (ECF No. 4 at 3). Although Petitioner states "Adi di brother[3] that also
worked for the Chinese government," it is unclear how Petitioner's implication of a former
senator in the Northern Mariana Islands[4] as the leader of a prostitution ring puts Petitioner in fear
of being tortured or put in prison by the government if Petitioner is removed to China.

Accordingly, the Court finds that Petitioner has not established that irreparable harm is
probable.

**C. Balance of Hardships and Public Interest**

The third and fourth factors merge where the government is the opposing party. <u>Leiva-Perez</u>, 640 F.3d at 970 (citing <u>Nken</u>, 556 U.S. at 435). The Supreme Court recognized the "public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm," but also acknowledged "[t]here is always a public interest in prompt execution of removal orders," especially if the noncitizen "is particularly dangerous, or has substantially prolonged his stay by abusing the processes provided to him." Nken, 556 U.S. at 436. The Ninth Circuit has emphasized, however, "that although petitioners have the ultimate burden of justifying a stay of removal, the government is obliged to

---

[3] It is unclear from Petitioner's motion who "Adi di brother" is.
[4] "From 1947 until 1986, what is now the [Commonwealth of the Northern Mariana Islands] was a trust territory administered by the United States pursuant to an agreement with the Security Council of the United Nations. In 1972, the Islands entered into formal negotiations with the United States to finalize and make permanent the relationship between the entities." <u>Armstrong v. N. Mariana Islands</u>, 576 F.3d 950, 952 (9th Cir. 2009) (internal citations omitted).

bring circumstances concerning the public interest to the attention of the court." Leiva-Perez, 640 F.3d at 970.

Here, Respondent has made no argument that Petitioner is particularly dangerous or has prolonged his stay by abusing the processes provided to him. Indeed, Respondent failed to respond to the motion at all despite the Court ordering Respondent to do so. Accordingly, the Court finds that the public interest in preventing noncitizens from being wrongfully removed weighs in favor of a stay of removal.

**D. Conclusion**

As set forth above, the Court finds that Petitioner has not shown that irreparable harm is probable and thus, a stay is not warranted based on the allegations currently before the Court. Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for stay of removal (ECF No. 4) is DENIED WITHOUT PREJUDICE to Petitioner renewing his motion for stay of removal if he believes he can provide additional true factual allegations that would establish irreparable harm is probable.

IT IS SO ORDERED.

Dated: **March 16, 2020**          /s/ Erin P. Gross
                                    UNITED STATES MAGISTRATE JUDGE