# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI LIN,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD VALINKEN, et al.,<br><br>    Respondents. | Case No. 1:19-cv-01806-EPG-HC<br><br>ORDER GRANTING RESPONDENTS' MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 18) |

Petitioner Wei Lin is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 5, 8, 11, 13).

Petitioner is a citizen of the People's Republic of China who is in the custody of Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 4, 5).[1] On December 30, 2019, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner asserts violations of his right to due process in connection with his expedited removal proceeding. Specifically, Petitioner alleges that he did not sign the reverse side of the I-860 form as required by agency regulations, and thus, he was not advised of the charges against him and did not have a change to refute the charges. (Id. at 12). Petitioner further alleges that he was denied a reasonable opportunity to cross-examine the witnesses against him and that the evidence admitted against him was fundamentally unfair. (Id. at 16).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    Petitioner also moved for a stay of removal. (ECF No. 4). On March 17, 2020, the Court
2 denied the motion for stay of removal without prejudice. (ECF No. 15).
3    On May 28, 2020, Respondents filed the instant motion to dismiss the petition as moot
4 because Petitioner has been placed into regular removal proceedings before an Immigration
5 Judge. (ECF No. 18). Petitioner has not filed any opposition to the motion to dismiss, and the
6 time for doing so has passed.
7    The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies."
8 Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy
9 requirement subsists through all stages of federal judicial proceedings," which "means that,
10 throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury
11 traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer
12 v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).
13    Here, the petition challenges Petitioner's expedited removal proceeding on due process
14 grounds. As Petitioner has now been placed into a regular removal proceeding before an
15 Immigration Judge, (ECF No. 16-1), the undersigned finds that the instant habeas petition
16 challenging Petitioner's expedited removal proceeding is moot. See Already, LLC v. Nike, Inc.,
17 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or
18 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the
19 parties lack a legally cognizable interest in the outcome.'" (citation omitted)); Adarand
20 Constructors, Inc. v. Slater, 528 U.S. 216, 224 (2000) (per curiam) ("It is no small matter to
21 deprive a litigant of the rewards of its efforts . . . . Such action on grounds of mootness would be
22 justified only if it were absolutely clear that the litigant no longer had any need of the judicial
23 protection that is sought.").
24    Additionally, to the extent Petitioner attempts to preemptively litigate any issues that may
25 arise in his regular removal proceedings before an Immigration Judge, this Court lacks
26 jurisdiction to address his claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of
27 law or fact . . . arising from any action taken or proceeding brought to remove an alien from the
28 United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8

U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

Accordingly, the Court HEREBY ORDERS that:

1. Respondents' motion to dismiss (ECF No. 18) is GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED as moot; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **August 26, 2020**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE